Territorial Law Library

## IN THE SUPERIOR COURT OF GUAM

FILE

2014 FEB -6 PM 12: 45

ANTHONY ROSS WHITT,

      Plaintiff,

      vs.

GENNIE-MAY SUMAOY WHITT,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)

CASE NO. DM0328-12

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on October 14, 2013 for a Bench Trial. Plaintiff Anthony Ross Whitt was present with counsel, Jeffrey Cook. Defendant Gennie-May Sumaoy Whitt was also present with counsel, Harold F. Parker. Having heard testimony and reviewed the evidence, the Court now issues its findings of fact and conclusions of law.

## FINDINGS OF FACT

After weighing the credibility of the witnesses and reviewing the Exhibits, this Court finds the following by a preponderance of the evidence:

1. The parties are residents of Guam and have resided on Guam for more than 90 days.

2. Plaintiff and Defendant married in San Diego, California on October 6, 2006.

3. Plaintiff and Defendant separated on April 6, 2012.

4. The parties have one minor child, L.A.W. (DOB April 2, 2007).

5. Plaintiff is enlisted in the United States Navy and has been for the past seven years.

6. Defendant is currently employed with the Department of Defense Education Activity (DODEA).

7. Defendant's position with DODEA is not permanent and her employment will terminate at the end of the current school year.

8. At the request of Plaintiff, the Court takes judicial notice of proceedings in case number PO0043-12.

9. In PO0043-12, a stay away order has been issued resulting from an incident that took place on April 6, 2012 in which Plaintiff repeatedly struck Defendant and choked her to the point of blacking out, necessitating an ambulance ride and a visit to the emergency room.

10. Parties currently utilize the services provided by Erica's House in exchanging physical custody over their minor child and with supervised visits.

11. Plaintiff was tried before a military tribunal and convicted of at least one charge, resulting in a reduction in rank.

12. During the marriage, Plaintiff had access and control over the community's finances.

13. During the marriage, Plaintiff did not allow Defendant to hold steady employment.

14. During the marriage, both parties engaged in extramarital affairs.

15. Defendant currently resides with the minor child in Navy Housing.

16. Since the parties' separation, Plaintiff resides in a barracks.

17. The Office of the Attorney General, Child Support Enforcement Division has been granted leave to withdraw from this matter as the Plaintiff is providing support by military allotment paid directly to Defendant. As per the request to withdraw, Defendant is not in need of their services but may reapply should Plaintiff fall behind on support.

18. Defendant is contemplating relocating to Texas. Plaintiff has indicated he would move to be close to his child, even if it means separating from the Navy.

## Community Debts

19. Debts incurred during the marriage include the following:

   a. Loan from GM Financial for automobile.
   b. Military Star Credit Card, approximate balance of $3,600.
   c. MCV Internet Bill for April 2012 in the amount of $93.00.

20. Defendant has assumed the debt incurred for the purchase of the vehicle.

## Community Property

21. Property acquired during the marriage includes the following:[1]

   a. Toyota Yaris (VIN # JTDBT903771091707);
   b. Ink jet printer;
   c. Wii and games;
   d. Xbox and games
   e. Two laptop computers: 1 HP, 1 Dell;
   f. Vitamix blender;
   g. Stainless steel pots and pans;
   h. Bakeware;
   i. Electric (Ibanez Joe Satriani) and acoustic guitar (Breedlove);
   j. Parties' checking and savings accounts;
   k. Thrift Savings plan;
   l. Plaintiff's clothing and personal effects;
   m. Defendant's clothing and personal effects;
   n. Channel select Fender Reverb
   o. Digitech JamMan Stereo
   p. Looper/Phrase Sampler
   q. Pro Series II Boss Wah
   r. Chess clocks
   s. Grill Quantum IR 3 Burner
   t. Desk Corner Computer Desk
   u. ST51 Sterling Audio Microphone
   v. Microphone stand
   w. Cables/wires for instruments
   x. Line X monitor
   y. M box Mini
   z. Computer Audio Speaker phones
   aa. Plaintiff's mother's brown leather couch;
   bb. Master bed frame/headboard/bedstand
   cc. Chess sets

---

[1] This list is essentially copied from Defendant's Answer, however the list there is missing item (zz) and thus items appearing after (yy) have been renumbered.

    dd.    Golf set
    ee.    Pacific Exploit Mountain Bike
    ff.    DVD's
    gg.    PS2
    hh.    Dining table
    ii.    Futon/Mattress
    jj.    Table Trunk coffee table
    kk.    Sofa impulse caf
    ll.    Loveseat impulse caf
    mm.    Camdyn Mirror
    nn.    Camdyn chest
    oo.    Camdyn night stand
    pp.    Camdyn dresser
    qq.    Microwave
    rr.    HP 310-1125F Touch Smart PC
    ss.    Fiesta Dinnerware/cups
    tt.    Go Pro waterproof camera
    uu.    VOX Amplifier Mini 3 Serial No. 001783
    vv.    Electric Jackson Guitar 309784
    ww.    Two Micargi Cruiser Bikes
    xx.    Optoma Projector screen
    yy.    Sony Audio receiver
    zz.    Integra BluRay player
    aaa.    Mini fridge
    bbb.    2011 Joint tax return
    ccc.    U.S. Navy retirement plan
    ddd.    IRA Certificate (maturity date January 2014)
    eee.    Navy Federal Credit union accounts containing approximately $1,518 and $3,518.

22. Plaintiff has surrendered his claim to the aforementioned property with the exception of items: (i), (k), (l), (n), (o), (p), (q), (r), (s), (u), (v), (w), (x), (y), (z), (cc), (rr), (uu), (xx), (yy), (zz), (ccc). *See Plaintiff's List* Nov. 12, 2013.

## Separate Property

No indication of separate property.

## Separate Debts

No indication of separate debts.

# CONCLUSIONS OF LAW

1. This Court has jurisdiction over this dissolution proceeding pursuant to title 7, section 3105 and title 19, section 8201 of the Guam Code.

## Grounds for Divorce:

2. Parties seek dissolution on the grounds of extreme cruelty, or in the alternative, for irreconcilable differences. Dissolution of marriage may be granted for extreme cruelty. 19 GCA § 8203(b). Extreme cruelty is the wrongful infliction of grievous bodily injury, or grievous mental suffering, upon the other by one party to the marriage. 19 GCA § 8205. Dissolution of marriage may be granted for irreconcilable differences. 19 GCA § 8203(g). Irreconcilable differences are those grounds which are determined by the Court to be substantial reasons for not continuing the marriage and which make it appear that the marriage should be dissolved. The evidence is sufficient to support a finding of extreme cruelty on the part of Plaintiff. As such, the Court will grant dissolution on the basis of extreme cruelty.

## Division of Property and Debt:

3. Title 19, section 8411(b) provides as follows:

### § 8411. Disposition of Property.

In case of the dissolution of marriage by the decree of a court of competent jurisdiction, the community property, and the homestead, shall be assigned as follows:

(a) If the decree be rendered on the ground of adultery or extreme cruelty, the community property shall be assigned to respective parties in such proportions as the court, from all the facts in the case, and the condition of the parties, may deem just.

4. Title 19, section 6104(a) provides:

### § 6104. Priorities for Satisfaction of Community Debts.

(a) Community debts shall be satisfied first from all community property and all property in which the spouses own

-5-

an undivided equal interest as joint tenants or tenants in common, excluding the residence of the spouses. Should such property be insufficient, community debts shall then be satisfied from the residence of the spouses. Should such property be insufficient, only the separate property of the spouse who contracted or incurred the debt shall be liable for its satisfaction. If both spouses contracted or incurred the debt, the separate property of both spouses is jointly and severally liable for its satisfaction.

5. As to the community property, the Court shall assign the property as follows:

    a. As stated above, Plaintiff has surrendered his claim to all but a limited number of items listed in paragraph 22 above. This Court adopts Plaintiff's listing except:

        i. The touch screen computer (rr) shall go to Plaintiff only upon his purchase of a computer of similar value and capability for Defendant and the minor child;

        ii. Counsel for both parties advise that the Navy Federal accounts (eee) are not subject to division by this Court and therefore no division is made.

    b. All other property to Defendant.

6. Defendant has already assumed the debt incurred for the purchase of the vehicle. Plaintiff shall assume the other community debts described in paragraph 19 above.

## Family and Spousal Support

7. The Court must "provide for the medical care, support, reasonable education and maintenance of the children of the marriage . . . [and] make such suitable allowance to the other spouse for that person's support, during that person's life or for a shorter period, as the Court may deem just, having regard to the circumstances of the parties respectively." 19 GCA § 8405.

8. In this case, the Court notes that the parties were married for approximately seven years. Due to the parties' respective employment histories and

training, Plaintiff enjoys a greater earning capacity than does Defendant. Considering the length of marriage and each party's earning disparity, this Court finds that spousal support in the amount of five hundred dollars ($500.00) for the next three years paid by Plaintiff to Defendant is appropriate. Additionally, Defendant is to receive any and all other support, maintenance, and benefits that the Federal Government, pursuant to its rules and regulations, shall allow.

9. Unless and until it is determined otherwise by the Child Support Hearing Officer, this Court finds that Plaintiff is in the best position to provide health and dental insurance for the minor children and that Plaintiff will provide such insurance until the children reach the age of majority.

10. As discussed above, the child is receiving a monthly allotment through the military. However, the Court retains jurisdiction over matters of child support and child support arrears.

## Child Custody

11. The Court applies the best interest of the child standard in determining custody with respect to the parties' minor children. 19 GCA § 8404(a). In this case, the best interests of the minor child are served by joint legal and physical custody:

    a. if parties reside in the same geographical area (i.e. both in Guam; both within a reasonable distance in another jurisdiction) and if Plaintiff secures more suitable housing, the child shall reside with Defendant from Monday through Friday evening and with Plaintiff from Friday evening to Saturday and on alternating Sundays;

    b. if parties reside in different geographical areas (i.e. Guam/Texas), the child will spend a majority of the year with Defendant with summers to be spent with Plaintiff. The minor child will spend winter vacations (Thanksgiving/Christmas) as his school schedule permits, with

Defendant in even-numbered years and Plaintiff in odd-numbered years unless parties agree otherwise. Parties shall divide the costs associated with transporting the child equally.

## ORDER

Based on the foregoing, IT IS ORDERED THAT:

(1) Parties' request for Dissolution is GRANTED on the basis of extreme cruelty on the part of Plaintiff;

(2) Defendant be restored to her maiden name at her option;

(3) Plaintiff and Defendant are entitled to their remaining separate property;

(4) The parties' will each assume their separate debts;

(5) Defendant shall assume the debt incurred for the purchase of the vehicle while Plaintiff shall assume the other debts discussed in paragraph 19 above.

(6) Plaintiff has surrendered his claim to all but a limited number of items listed in paragraph 22 above. This Court adopts Plaintiff's listing except the touch screen computer (rr) shall go to Plaintiff only upon his purchase of a computer of similar value and capability for Defendant and the minor child and no division of the Navy Federal accounts (eee) is made by this Court. All other property to Defendant.

(7) Plaintiff shall pay Defendant $500 per month as spousal maintenance for three years. Additionally, Defendant is to receive any and all other support, maintenance, and benefits that the Federal Government, pursuant to its rules and regulations, shall allow;

(8) Plaintiff and Defendant shall share joint legal and joint physical custody in the following manner:

    a. if parties reside in the same geographical area (i.e. both in Guam; both within a reasonable distance in another jurisdiction) and if Plaintiff secures more suitable housing, the child shall reside with

Defendant from Monday through Friday evening and with Plaintiff from Friday evening to Saturday and on alternating Sundays;

b. if parties reside in different geographical areas (i.e. Guam/Texas), the child will spend a majority of the year with Defendant with summers to be spent with Plaintiff. The minor child will spend winter vacations (Thanksgiving/Christmas) as his school schedule permits, with Defendant in even-numbered years and Plaintiff in odd-numbered years unless parties agree otherwise. Parties shall divide the costs associated with transporting the child equally;

(9) Parties are to allow for reasonable visits and postal, telephonic or electronic communications with the minor child;

(10) The Court retains jurisdiction over matters of child support and child support arrears;

(11) Communications pertaining to the child shall be made by e-mail Otherwise, the conditions set forth in the orders of PO0043-12 are incorporated herein;

(12) Each party shall bear his and her respective costs and attorneys' fees.

(13) Defendant's counsel shall prepare the interlocutory decree of divorce consistent with this Order and the above findings and conclusions, with Plaintiff's counsel's approval as to form, no later than 30 days from the date of this Order.

**SO ORDERED** this 6th of February, 2014.

Original Signed By:
Hon. Alberto C. Lamorena III

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

FEB 0 6 2014

Esther L.G. Pinaula
Deputy Clerk, Superior Court of Guam

